IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEODORO ALEJANDRO CASTILLO-RINCON,<br><br>Defendant. | 8:21–CR–279<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

This matter is before the Court on Defendant Teodoro Alejandro Castillo Rincon's Consent Motion for a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 233. On June 26, 2023, the undersigned sentenced the Defendant to be imprisoned for a term of 135 months following his conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of a methamphetamine (actual), in violation of 21 U.S.C. § 846. Filing 1 at 1–2; Filing 189 at 1. The parties now propose that based on retroactive application of Amendment 821 to the United States Sentencing Guidelines, this Court should reduce the Defendant's sentence. Filing 233. Specifically, the parties contend that a reduced sentence of 108 months is appropriate and have entered into a stipulation to this effect. Filing 234. The Court held a hearing to address this matter on July 3, 2024. Filing 238 (Text Minute Entry). During this hearing, the Court heard argument on the matter from both counsel for the Defendant and counsel for the Government. After considering the matters discussed at the hearing along with pertinent portions of the record in this case, the Court will grant the Consent Motion in part and deny it in part. The Court concludes that the Defendant is eligible for a sentence reduction and that a reduction is appropriate based upon consideration of the factors set forth in 18 U.S.C. § 3553(a). However, the Court finds that a reduction to a term of 120 months of imprisonment is appropriate in this case.

1

While the Court recognizes that the parties have reached an agreed upon sentence reduction that they believe is appropriate, the Court is not required to accept their stipulation. *Cf. United States v. Ingram*, 91 F.4th 1271, 1273 (8th Cir. 2024) ("The court did not err in declining to accept the parties' sentencing recommendation"). Nor is the Court bound to resentence a defendant within his amended guideline range based on retroactive application of the United States Sentencing Guidelines—even if the defendant is eligible for such a reduction. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (noting that although the defendant "was eligible for a reduction, § 3582(c)(2) does not create a right to it" and that a "district court has discretion to determine whether a reduction is warranted"); *see also United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (stating that a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction" is reviewed "for an abuse of discretion"). This is consistent with the discretionary nature of the United States Sentencing Guidelines. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A]lthough the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'") (quoting *Gall v. United States*, 552 U.S. 38, 49–51 (2007)).

The Court has considered all of the arguments raised by the parties, and—even though it did not have to—held a hearing to allow the parties an opportunity to present any additional matters in support of their positions. *See United States v. Rodriguez*, 807 F. App'x 592, 593 (8th Cir. 2020) ("No defendant is entitled to a sentencing reduction, so due process requirements are generally not implicated because no new deprivation of liberty can be visited upon him by a proceeding that, at worst, leaves his term of imprisonment unchanged") (cleaned up). Now that the matter has been fully submitted, the Court's collective consideration of the § 3553(a) factors leads it to agree with

the parties to an extent. *See United States v. Clark*, 563 F.3d 722, 724 (8th Cir. 2009) (noting the role § 3553(a) plays in sentence modification proceedings under § 3582(c)).

Under Amendment 821, Mr. Castillo-Rincon is eligible for a two-point reduction in his total offense level for being a "zero-point" offender (*i.e.*, he was not assessed any criminal history points in his Presentence Investigation Report). Filing 187; Filing 235. As a result, his original guideline custody range of 135 – 168 months is reduced to 108 – 135 months. Filing 235. The parties contend that the Court should impose a new sentence of 108 months because it would be "proportional" to the sentence the Court originally imposed under the old guideline range. However, as the Supreme Court has explained,

> [A] judge's choice among points on a range will often simply reflect the judge's belief that the chosen sentence is the 'right' sentence (or as close as possible to the 'right' sentence) based on various factors, including those found in § 3553(a). Insofar as that is so, it is unsurprising that changing the applicable range may lead a judge to choose a nonproportional point on the new range.

*Chavez-Meza v. United States*, 585 U.S. 109, 117 (2018).

The Court's collective consideration of all relevant facts and circumstances against the backdrop of the Defendant's new guideline custody range leads it to conclude that reducing the Defendant's sentence to a term of 120 months is appropriate, even if this would reflect "a nonproportional point on the new range." *Chavez-Meza*, 585 U.S. at 117. In particular, the Court has considered all factors outlined under 18 U.S.C. § 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of the Mr. Castillo-Rincon. *See* 18 U.S.C. § 3553(a)(1)–(2). The Court has also considered the seriousness of the conduct, the need to promote respect for the law, and the need to provide just punishment for the conduct at issue. *See* 18 U.S.C. § 3553(a)(2)(A).

The Court notes that according to the Presentence Investigation Report, the Defendant did "not have legal documentation to reside in the United States of America." Filing 187 at 13 (¶93). The Eighth Circuit has explained,

> A defendant's illegal entry into this country is a voluntary act. It is also criminal misconduct. Like other prior criminal conduct, whether or not related to the offense of conviction, it is part of the "history and characteristics of the defendant" that the district court "shall consider" in imposing an appropriate sentence[.]

*United States v. Loaiza-Sanchez*, 622 F.3d 939, 942 (8th Cir. 2010).

Accordingly, even though the Defendant may not have been charged with any offense relating to his status in this country and qualifies as a "zero-point offender," the Court still has an affirmative obligation under 18 U.S.C. § 3553(a)(1) to consider the history and characteristics of a defendant in determining whether or to what extent a sentence reduction is appropriate. That includes the fact that Mr. Castillo-Rincon committed this crime in the United States without legal documentation permitting him to reside in the United States. While the balance of the § 3553(a) factors lead this Court to conclude that some measure of relief is still appropriate, the specific history and characteristics of this Defendant cut against the full relief that the parties seek. Under the particular circumstances of this case that are unique to this defendant, the Court finds that a term of 120 months' imprisonment is sufficient but not greater than necessary. Moreover, a sentence of 120 months is still within Mr. Castillo-Rincon's amended guideline custody range of 108 to 135 months. Accordingly,

IT IS ORDERED:

1. The Defendant's Consent Motion for a Reduced Sentence, Filing 233, is granted in part and denied in part.

2. The parties' Stipulation, Filing 234, is disapproved; and

3. The Defendant's sentence is reduced from a term of 135 months to a term of 120 months.

Dated this 8th day of July, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge