IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>TEODORO ALEJANDRO CASTILLO-RINCON,<br>Defendant. | **8:21-CR-279**<br><br>**ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(2)** |

This matter is before the Court on defendant Teodoro Alejandro Castillo-Rincon's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2). Filing 249. The defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846 and, on June 27, 2023, was sentenced to a term of 135 months' incarceration. Filing 1 at 1–2; Filing 239 (Judgment). The defendant was eligible for a two-point reduction in his total offense level for being a "zero-point" offender under the retroactive application of Amendment 821. Filing 239 at 3. After holding a hearing on the matter, Filing 238 (text minute entry), the Court reduced the defendant's sentence from a term of 135 months to a term of 120 months. Filing 239 at 5. The defendant now seeks an additional reduction to his sentence. *See generally* Filing 249. For the reasons set out below, the defendant's motion is denied.

Under 18 U.S.C. § 3582(c)(2), "upon motion of the defendant," the Court "may reduce the term of imprisonment" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The defendant's motion asks this Court for a reduction in sentence pursuant to § 3582(c)(2). *See generally* Filing 249. The defendant argues that he is entitled to a reduction in sentence because Amendment 833 to the United States Sentencing Guidelines lowered his guideline range. *See generally* Filing 249 (saying the request is "based upon Amendment 833"). The defendant argues that the changes and clarifications made by Amendment 833 to mitigating-role adjustments afford him relief. Filing 249 at 7 (saying "[t]his Honorable Court should grant the Reduction of his Sentence under 18 U.S.C. § 3582(c)(2), based upon Amendment 833 to U.S.S.G. § 2D1.1 and § 3B1.2 (Mitigating Role). The [sic] provides a Two Level downward adjustment for certain offenders under the Guidelines").

The United States Sentencing Guidelines were amended in November 2025. The defendant is correct that Amendment 833 "made changes to the mitigating-role guideline." *United States v. Lee*, No. 25-13881, 2026 WL 2640674, at *1 (11th Cir. 2026); *see also United States v. Miles*, Criminal No. 7:16-cr-00057, 2026 WL 2517703, at *2 (W.D. Vir. Aug. 26, 2026) (saying "Amendment 833, which, in relevant part, revised USSG § 2D1.1(a)(5) to amend the mitigating role provisions to refine the drug trafficking guideline in cases where an individual receives an adjustment under § 3B1.2."). However, while Amendment 833 did "[make] changes to the mitigating-role guideline," *Lee*, 2026 WL 2640674, at *1, the amendment affords the defendant no relief here. "None of the 2025 amendments (i.e., Amendment 833) have been made retroactive. *See* USSG § 1B1.10(d). Consequently, these changes only affect defendants sentenced after they took effect on November 1, 2025." *Davenport v. United States*, No. 4:25-cv-00355-SHL, 2026 WL 3072971, at *6 (S.D. Iowa Oct. 14, 2026); *see also United States v. Herrera-Perez*, 16 Cr. 00388-2 (GBD), 2026 WL 1110265, at *2 (S.D.N.Y. Apr. 23, 2026) (saying "Amendment 833 is not retroactive") (collecting cases). The Court must therefore deny the defendant's motion for sentence

reduction because his guideline sentencing range has not been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2); *United States v. Jimenez*, CASE NO. CR07-00343JLR, 2026 WL 412285, at *2 (W.D. Wash. Feb. 13, 2026); *Herrera-Perez*, 2026 WL 1110265, at *2 (saying "Amendment 833 is not retroactive" and the court, "therefore, cannot rely on Amendment 833 to reduce [the defendant's] sentence") (collecting cases). Further, even if the guideline changes had been made retroactive, the motion would be denied because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c) (saying "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable"); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

For the foregoing reasons, the defendant's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied. Accordingly,

IT IS ORDERED that the defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2), Filing 249, is denied.

Dated this 25th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge